a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROBERT EARL LYNN #314558,<br>Plaintiff | CIVIL DOCKET NO. 5:21-CV-02027<br>SEC P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| MARCUS MYERS,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion to Stay a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2) filed on behalf of Petitioner Robert Earl Lynn ("Lynn"). Lynn is an inmate in the custody of the Louisiana Department of Corrections serving a sentence imposed in the First Judicial District Court, Caddo Parish.

Because Lynn's writ application is currently pending in the Louisiana Supreme Court and the limitations period is likely to expire shortly thereafter, Lynn's Motion to Stay (ECF No. 2) is GRANTED.

I. Background

Lynn was convicted of manslaughter by a 10-2 jury verdict. *State v. Lynn*, 251 So.3d 1262, 1267, 52,125 La.App. 2 Cir. 8/15/18 (La.App. 2 Cir., 2018). Lynn was adjudicated a second felony offender due to a 2008 conviction for distribution of a Schedule II controlled dangerous substance. *Id.* Lynn was sentenced to a term of 40 years at hard labor without benefit of probation or suspension of sentence. *Id.*

On appeal, Lynn asserted one *pro se* assignment of error and three assignments of error through counsel. *Id.* at 1264. The appellate court affirmed the conviction and sentence, and the Louisiana Supreme Court denied writs on April 15, 2019. *State v. Lynn*, 267 So.3d 1129 (La. 2019).

Lynn filed an application for post-conviction relief on July 14, 2020, which was denied. ECF No. 1-2 at 1-10. Lynn's writ application is still pending in the Louisiana Supreme Court. Lynn asks that this Court stay his "protective" Petition until the Louisiana Supreme Court denies writs.

## II.  Law and Analysis

Before obtaining relief in federal court, a habeas petitioner must exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997). In *Lundy*, the United States Supreme Court required that petitions containing some exhausted and some unexhausted claims be dismissed without prejudice to refiling once total exhaustion was accomplished. *Lundy*, 455 U.S. at 418.

"[F]ollowing the enactment of the AEDPA, with the imposition of a one-year federal limitations period and the interplay with *Lundy's* dismissal requirement, the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), recognized that, in limited circumstances, it is appropriate for a federal district court to stay habeas corpus proceedings" pending exhaustion. *Malbrough v. Vannoy*, 2019 WL 506489, at *2 (E.D. La. 2019).

Lynn's conviction became final on July 15, 2019, when the time for seeking review in the United State Supreme Court expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Pursuant to 28 U.S.C. § 2244(d), Lynn had one year from that date—until July 15, 2020—within which to: (1) file a timely federal application for habeas relief; or (2) toll the one-year limitations period by filing and pursuing a properly-filed application for post-conviction or other collateral review in the state courts. *See* 28 U.S.C. § 2244(d)(1)(A); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). Lynn filed a post-conviction application on July 14, 2020. ECF No. 1-2 at 1-10. Thus, there is one day remaining on the limitations period.

Lynn has taken the final step in the exhaustion process by seeking review in the Louisiana Supreme Court. He is simply waiting on a ruling. Because there is likely only one day remaining on the limitations period[1], a dismissal without prejudice would subject Lynn to the potential risk of untimeliness if he is forced to re-file his federal Petition when or if the Louisiana Supreme Court denies writs. *See Brown v. Cain*, 2008 WL 4678689 (E.D. La. 2008) (granting a stay where one day remained in federal limitations period); *Coleman v. Cain*, 2008 WL 907448 (E.D. La. 2008) (granting stay where only "days or hours" remained in the limitations period); *but see Hughes v. Cain*, 2016 WL 4203869, at *4 (M.D. La. 2016) (denying stay where "the sole justification provided for the granting of a stay, is his concern that the very limited three-day window of time that remains may elapse after a decision is issued

---

[1] Since no state record is currently presented for review, the Court makes no finding on whether all pleadings have been timely filed in the state courts. Accordingly, the granting of the motion to stay does not bar the State from raising any defense as to the timeliness of this Petition.

by the Louisiana Supreme Court") (citing *Wright v. Thaler*, 2011 WL 2678923, at *3 (N.D. Tex. 2011) (declining to grant a stay "simply because petitioner will only have five days remaining in the limitations period to file a timely federal petition after his applications are decided")).

Although Lynn does not explain why he waited until the second to last date possible to file his state post-conviction application, there is no indication that he intentionally engaged in dilatory litigation tactics. *See Malbrough,* 2019 WL 506489, at *2.

### III. Conclusion

Because Lynn's writ application is currently pending in the Louisiana Supreme Court and the limitations period is likely to expire shortly thereafter, IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 2) is GRANTED and the § 2254 Petition (ECF No. 1) is STAYED pending exhaustion. Accordingly, within 30 days of the conclusion of the state court proceedings, Lynn SHALL FILE a Motion asking this Court to lift the stay.

SIGNED on Thursday, September 9, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE